UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:14-CR-25-GFVT-HAI-7 |
| | ) | |
| v. | ) | RECOMMENDED DISPOSITION |
| | ) | |
| DONNA LOVELL, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

On referral from District Judge Van Tatenhove (D.E. 1190), the Court considers a reported violation of supervised release conditions by Defendant Donna Lovell.

**I.**

Then-District-Judge Thapar entered a judgment against Defendant in August 2015 upon a plea of guilty to conspiracy to distribute fifty grams or more of actual methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A) & 846. D.E. 682. Defendant received a sentence of 120 months of imprisonment followed by ten years of supervised release (with an option to petition for relief after five years). *Id.* Defendant began her supervised release term on February 4, 2022.

On May 13, 2022, the United States Probation Office ("USPO") submitted a "12A" Noncompliance Summary. D.E. 1133. The USPO requested that no action be taken, and Judge Van Tatenhove approved that request. The text of that report is as follows:

> The defendant was instructed to report to Bouncing Back Counseling in Manchester, Kentucky, on Friday, May 6, 2022, to submit a urine sample for testing. Upon arrival the defendant admitted to staff to using methamphetamine the previous day and alcohol on April 29, 2022. The defendant also indicated she possessed urine on her person, which she intended to substitute for her urine. The defendant then surrendered the urine to Bouncing Back staff and submitted a urine sample that was sent to Abbott for confirmation. This officer spoke to the defendant and she verbally admitted to the same conduct and indicated the use was due to a

      recent breakup of a romantic relationship. The defendant was instructed to report to the Probation Office in London, Kentucky, on Monday, May 9, 2022.

      On May 9, 2022, the defendant reported to the Probation Office as instructed and signed a Positive Drug Test Admission Report (PROB 4) admitting to the above conduct. A urine sample was collected and sent to Abbott for confirmation of methamphetamine use. Both urine samples sent to Abbott for confirmation remain pending.

      This officer recommends no action be taken at this time. The defendant's outpatient substance abuse treatment through Bouncing Back Counseling has been increased to occur weekly, with weekly drug testing. The defendant has also relocated to Living Clean, a sober living residence, in Manchester, Kentucky. While residing at Living Clean the defendant will participate in a 16-week intensive outpatient substance abuse program. The intensive outpatient program will be followed by an 8-week program of outpatient substance abuse treatment and a 60-day aftercare program.

*Id.*

## II.

On September 25, 2025, the USPO issued the Supervised Release Violation Report ("the Report") that initiated these proceedings. The Report charges a single Grade-C violation of the condition that prohibits commission of another federal, state, or local crime (in this case, a Class A misdemeanor under Kentucky law). According to the Report, Defendant was arrested on September 19, 2025, and charged with fourth-degree assault (with minor injury), in Jackson County District Court # 25-M-00124. According to the attached citation, a domestic-assault call resulted in the discovery of a woman with "visible injures to her face consisting of a bloody nose, two black eyes, and scratches on her arms." This victim said she and Defendant "were in an argument." The victim "was sitting in a chair and [Defendant] began punching her in the face," also causing the chair to flip over." Defendant denied "[getting] physical." According to the state docket, the matter was dismissed without prejudice on October 20, 2025.

2

### III.

Concerning the potential penalties, under § 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant pleaded guilty to conspiracy to distribute fifty grams or more of crystal meth. D.E. 682. This is a Class A felony. For a Class A felony, the maximum revocation sentence provided under § 3583 is five years of imprisonment. *See* 18 U.S.C. § 3583(e).

The Policy Statements in Chapter 7 of the Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F. App'x. 436, 438-39 (6th Cir. 2007). Here, the alleged violation is Grade-C. Given Defendant's Criminal History Category of VI (the category at the time of her federal conviction) and Grade C violation, Defendant's range, under the Revocation Table of Chapter 7, is eight to fourteen months.

A court may re-impose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration actually imposed due to the violation. *See* 18 U.S.C. § 3583(b) & (h). Defendant's drug-trafficking conviction carries no maximum term of supervised release. *See* 18 U.S.C. § 3583(h); 21 U.S.C. 841(b)(1)(C).

### IV.

On October 14, 2025, the Court conducted an initial appearance pursuant to Rule 32.1. D.E. 1193. The state charges had not yet been dismissed at that time. Defendant made a knowing, voluntary, and intelligent waiver of the right to a preliminary hearing, and the Court set a final hearing date. *Id*. The parties agree that Defendant could remain on release,

> with the following added conditions made effective through instruction from Officer Broughton: Defendant shall return to reside at the sober living facility, Defendant shall follow all the rules of the facility, Defendant shall arrange for

      transportation to the facility through its personnel once released, Defendant shall have no contact with the victim in the pending state matter.

*Id*.

The Court held a status teleconference on October 31, 2025. D.E. 1195. Because the state matter had been dismissed at that point, the Court scheduled a final hearing. Defense counsel then filed a series of "check stubs and letters and emails from [Defendant's] co-workers and people familiar with her." D.E. 1197.

The parties met for a final hearing on November 10, 2025, but it was continued at the government's request. D.E. 1196. Defendant was released on the original conditions, but "with the added condition to have no contact with the victim of the state court case." *Id*.

## V.

At the final hearing on January 12, 2026, Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583. D.E. 1198. According to the government, Defendant had committed no new violations, and this included no known contact with the alleged victim. The government had been unable to contact the alleged victim. Nor had the Probation Office or defense counsel been able to reach her. According to the government, the parties in this matter believed the incident was a "mutual altercation." The government was skeptical of the arresting officer's reasons for thinking it had been an assault.

The government moved that the violation allegation be dismissed. The government asked that Defendant remain forbidden from contacting the alleged victim. But the parties agreed that this no-contact requirement could be made effective through the existing conditions. The parties did not request the addition of any new conditions of release. They expect that Defendant's existing supervision period will continue under the existing conditions.

The Probation Officer and the defense had no objection to the government's presentation, the government's motion to dismiss Violation #1, and the government's request for a no-contact requirement, to be made effective through the Probation Officer's command.

## VI.

Based on the foregoing, the Court **RECOMMENDS** that the government's motion to dismiss the single charged Violation be **GRANTED** so that Defendant may continue on her existing supervised release.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). Pursuant to Rule 59(b)(2), any party wishing to object **SHALL** do so by an appropriate filing in the record within **fourteen days** after being served with a copy of this recommended decision. Any party may object to any or all portions of this recommendation for consideration, *de novo*, by the District Judge. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Judge and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019).

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on District Judge Van Tatenhove's docket upon submission. If Defendant chooses to waive allocution, she **SHALL** do so on or before the deadline for filing objections.

This the 12th day of January, 2026.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge

5